21CV02773
Div2

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| SIGNATURE FLOORING, INC.,<br>8200 Nieman Road<br>Lenexa, Kansas 66214<br><br>      Plaintiff,<br><br>v.<br><br>SHAW INDUSTRIES, INC.,<br>Serve: Registered Agent<br>Corporation Service Company<br>200 S.W. 30th Street<br>Topeka, Kansas 66611<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No._____<br>   *Pursuant to Chpt. 60, K.S.A.* |

## PETITION

COMES NOW Plaintiff Signature Flooring, Inc. ("Plaintiff" or "SFI"), by and through undersigned counsel, and for its cause of action against Shaw Industries, Inc. ("Defendant" or "Shaw"), states as follows:

## PARTIES

1. Plaintiff SFI is a Kansas corporation with its principal place of business located at 8200 Nieman Road, Lenexa, Kansas 66214.

2. Defendant Shaw is a Kansas corporation and may be served through its registered agent at the address provided above.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant because it is a resident of the State of Kansas and it regularly conducts business in the State of Kansas.

4. Venue is proper in this Court and County pursuant to K.S.A. 60-604(1), because Plaintiff's registered office is located in Johnson County, Kansas.

## FACTS AND BACKGROUND

5. Defendant is a manufacturer and supplier of, among other things, carpet, resilient, hardwood, laminate, tile and stone flooring products.

6. On or about April 2, 2019, Plaintiff requested a quote from Defendant for luxury vinyl plank ("LVP") and adhesive for an apartment community, Artistry KC, located at 1918 Locust Street, Kansas City, Missouri 64108 (the "Project").

7. On or about April 2, 2019, Defendant's territory manager provided the requested quote to Plaintiff via email. The email also provided that DP-99 was the requisite adhesive for Plaintiff to use and purchase with the LVP product.

8. On or about March 13, 2020, a purchase order for the LVP and DP-99 adhesive was provided.

9. Defendant provides a limited warranty for its products, which states as follows:

> If a defect covered by this warranty is reported to Shaw in writing within one year of purchase, Shaw will supply new material of the same or similar grade sufficient to repair or replace the defective material. Shaw will assume all reasonable labor costs. Reasonable labor costs shall be determined solely by Shaw Industries, Inc.

10. Shortly after the LVP was installed, Defendant was informed of defects in the LVP and DP-99 adhesive including, distortion and ends of the vinyl planks lifting ("LVP Defects").

11. After providing prompt notice of the LVP Defects, Defendant's Technical Services department directed Plaintiff to use a different adhesive, Shaw-200 adhesive.

12. On or about May 26, 2021, Defendant was notified Plaintiff was experiencing LVP Defects using the alternative adhesive.

13. On or about June 3, 2020, pursuant to orders from the owner and/or general contractor, Plaintiff requested that Defendant demo and replace approximately 40,000 sq. ft. of LVP supplied by Defendant and installed on the Project.

14. On or about June 3, 2020, Defendant agreed to pay for the cost to demo approximately 40,000 sq. ft. of LVP and to remove the DP-99 adhesive.

15. On or about June 8, 2020, Defendant urged Plaintiff to continue using the purchased LVP and Shaw-200 adhesive to complete the Project.

16. After demolition was completed, Plaintiff had to purchase replacement LVP and Shaw-200 adhesive to complete the Project. Defendant did not pay for the replacement costs incurred by Plaintiff.

17. On or about June 23, 2020, Defendant was informed of continued LVP Defects through use of the Shaw-200 adhesive.

18. On or about June 23, 2020, Plaintiff asked Defendant to provide support to remedy the outstanding LVP Defects.

19. Defendant refused to cure the outstanding LVP Defects or to pay for replacement of approximately 40,000 square feet of defective LVP and DP-99 adhesive, even though it agreed to pay for the cost to demo and remove same.

20. As a result of Defendant's failure and refusal to cure the LVP Defects and to pay for replacement of the defective LVP and DP-99 adhesive, Plaintiff incurred the cost of mitigating and replacing the materials in the amount of $91,120.80 pursuant to orders of the owner and/or general contractor on the Project.

21. Defendant owes the amount of $91,120.80 to Plaintiff for the costs incurred to mitigate and replace the defective LVP and related adhesives.

22. Due to the recurring LVP Defects, Plaintiff contracted with a third-party independent expert, LGM and Associates, to perform testing of the LVP.

23. On or about September 8, 2020, LGM and Associates concluded that the LVP "is defective due to an inherent planar instability." As a result of said defect, "[n]o adhesive will counteract a dimensional or planar instability in any flooring material," and the defect is "an inherent manufacturing issue and a latent defect."

24. On or about February 1, 2021, Plaintiff submitted LGM and Associate's findings, as part of a demand that Defendant pay Plaintiff in the amount of $91,120.80 for materials, labor and freight costs incurred in replacing the defective LVP and DP-99 adhesive.

25. On or about May 19, 2021, Plaintiff, through counsel, submitted a subsequent demand letter to Defendant.

26. Despite Plaintiff's demand letters, Defendant has failed and refused to pay Plaintiff $91,120.80 for replacement materials, labor and freight costs, to cure the LVP Defects.

27. Plaintiff is still owed said balance, together with prejudgment interest and reasonable attorneys' fees and court costs incurred by Plaintiff.

## COUNT I – BREACH OF EXPRESS WARRANTY

28. Plaintiff incorporates herein by reference the allegations contained in paragraph 1 through 27, as though fully set out herein.

29. The LVP and DP-99 adhesive installed on the Project began to fail within ten days of installation.

30. Defendant provided Plaintiff with a one year repair and/or replace warranty.

31. The LVP and/or DP-99 adhesive became defective within that warranty period.

32. Pursuant to the warranty, it was Defendant's responsibility to take action and repair and/or replace the defective LVP and DP-99 adhesive in a timely manner.

33. Plaintiff provided Defendant with written notice and promptly gave Defendant an opportunity to remedy the LVP Defects.

34. Defendant failed to undertake the warranty repairs and/or replacement within a reasonable amount of time, and instead, continues to deny responsibility for the replacement costs incurred by Plaintiff to remedy the defective LVP installed and DP-99 adhesive used on the Project.

35. As a direct result of Defendant's breach of express warranty, Plaintiff has suffered principal damages in the amount of $91,120.80.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for such damages as are fair and reasonable, for replacement costs for material, labor and freight, for pre- and post-judgment interest, for attorneys' fees, and for costs incurred for this action, and for such other and further relief as this Court deems just and proper.

### COUNT II – BREACH OF IMPLIED WARRANTY
### OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

36. Plaintiff incorporates herein by reference the allegations contained in paragraph 1 through 35, as though fully set out herein.

37. Defendant is a merchant of goods.

38. Defendant sold to Plaintiff the LVP and DP-99 adhesive used on the Project.

39. Defendant knew or should have known that the LVP and DP-99 adhesive were being used in residential, multi-family units where the products may be exposed to sunlight and/or heat.

40. Defendant described and advertised its goods for sale.

41. Defendant's descriptions provided on their website regarding the LVP, include, "[w]on't shrink and contract with extreme temperature and moisture variances, more stable and flexible than other compositions."

42. Defendant also included representations and affirmations via email correspondence with Plaintiff confirming DP-99 as the correct adhesive to use with the type of LVP Plaintiff would be installing.

43. The descriptions, representations, and affirmations concerning Defendant's goods resulted in warranties that the goods were sold as described and that they were worthy and/or fit for a particular purpose, that they were intended to be used for residential, multi-family units where the products may be exposed to sunlight and heat and that said adhesive was the correct type to use with the LVP Plaintiff purchased and installed.

44. Plaintiff reasonably relied upon Defendant's judgment, descriptions, and information indicating the LVP was suitable for residential use and that the flooring would be sufficient and last for at least 15 years.

45. When installed at the Project, the LVP was not suitable and did not last beyond a few days.

46. Defendant was given notice of the LVP Defects, Defendant agreed to demo approximately 40,000 sq. ft. of installed LVP and used DP-99 adhesive, but refused to cover the cost of replacement.

47. Plaintiff incurred replacement costs in the amount of $91,120.80 for materials and labor and freight costs.

48. As a direct result of Defendant's breach of the implied warranties of merchantability and/or fitness for a particular purpose, Plaintiff has suffered damages in the amount of $91,120.80.

WHEREFORE, Plaintiff respectfully request that judgment be entered against Defendant for such damages as are fair and reasonable, for replacement costs for material, labor and freight, for pre- and post-judgment interest, for attorneys' fees, for costs incurred for this action, and for such other and further relief as this Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

49. Plaintiff incorporates herein by reference the allegations contained in paragraph 1 through 48, as though fully set out herein.

50. Defendant supplied Plaintiff the LVP and DP-99 adhesive used on the Project.

51. The LVP and DP-99 adhesive installed on the Project began to fail and became defective within ten days of installation.

52. Defendant was given notice of the LVP and DP-99 Defects, Defendant agreed to demo and remove approximately 40,000 sq. ft. of installed LVP and used DP-99 adhesive, but refused to cover the cost of replacement.

53. Defendant received a direct benefit from Plaintiff's having to repurchase approximately 40,000 sq. ft. of replacement LVP and new adhesive from Defendant in order for Plaintiff to fulfill its contractual duties on the Project, which it was compelled to do under its contractual agreement(s) related to the Project.

54. Defendant appreciated and acknowledged the benefit by, among other things, accepting Plaintiff's order and payment for the replacement LVP and adhesive.

55. Defendant's retention of its benefit from Plaintiff's repurchasing approximately

40,000 sq. ft. of LVP and new adhesive, in order to replace Defendant's original product which failed and became defective, is inequitable without repayment of the amount paid by Plaintiff to Defendant.

56.     Defendant has been unjustly enriched by Plaintiff's purchase of replacement materials in the amount of $91,120 plus interest.

WHEREFORE, Plaintiff respectfully request that judgment be entered against Defendant for such damages as are fair and reasonable, for replacement costs for material, labor and freight, for pre- and post-judgment interest, for costs incurred for this action, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

DYSART TAYLOR COTTER
McMONIGLE & BRUMITT, P.C.

By: /s/ Lee B. Brumitt
   Lee B. Brumitt           KS #23397
   Benjamin J. Stringer     KS #28444
   4420 Madison Avenue, Suite 200
   Kansas City, Missouri 64111
   (816) 931-2700 (Telephone)
   (816) 931-7377 (Facsimile)
   *lbrumitt@dysarttaylor.com*
   *bstringer@dysarttaylor.com*

ATTORNEY FOR PLAINTIFF

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

SIGNATURE FLOORING INC
                Plaintiff

vs

SHAW INDUSTRIES INC
                Defendant

Case No: 21CV02773
Division:   2
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for SHAW INDUSTRIES INC whose address for service is:

    200 SW 30TH STREET
    TOPEKA, KS 66611

Service by an authorized process server.

By: /s/ LEE BURCHAM BRUMITT
LEE BURCHAM BRUMITT, #23397
4420 MADISON AVENUE, SUITE 200
KANSAS CITY, MO 64111
816-931-2700

*Clerk of the District Court, Johnson County Kansas*
*06/23/21  12:53pm NG*

EXHIBIT A

21CV02773
Div2

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | |
|---|---|
| SIGNATURE FLOORING, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 21CV02773 |
| SHAW INDUSTRIES, INC., | ) Div. 2 |
| Defendant. | ) ) ) |

### CLERK'S EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

On application of Hal D. Meltzer of Baker Sterchi Cowden & Rice, LLC of Overland Park, Kansas, attorney for defendant Shaw Industries, Inc., said defendant is granted an additional fourteen (14) days or until July 30, 2021, to answer or otherwise plead. This Order is effective as of the date and time shown on the electronic file stamp.

BY THE COURT IT IS SO ORDERED.

/s/ MADELEINE LAYTON
Dated: 07/16/21

Submitted by:

BAKER STERCHI COWDEN & RICE, LLC

/s/ Hal D. Meltzer
Hal D. Meltzer          KS #10121
Megan Sterchi Lammert   KS #27161
51 Corporate Woods
9393 West 110th Street, Suite 500
Overland Park, KS 66210
Telephone:  (913) 451-6752
Facsimile:  (816) 472-0288
meltzer@bscr-law.com
msterchi@bscr-law.com
**ATTORNEYS FOR DEFENDANT
SHAW INDUSTRIES, INC.**

*Clerk of the District Court, Johnson County Kansas*
*07/16/21  02:08pm ML*

EXHIBIT A

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of July, 2021, a true and correct copy of the foregoing document was sent electronically and/or mailed to the following:

Lee B. Brumitt
Benjamin J. Stringer
Dysart Taylor Cotter McMonigle & Brumitt, P.C.
4420 Madison Ave., Suite 200
Kansas City, MO 64111

ATTORNEYS FOR PLAINTIFF

/s/ Hal D. Meltzer

*Clerk of the District Court, Johnson County Kansas*
*07/16/21  02:08pm ML*

EXHIBIT A

21CV02773
Div2

## AFFIDAVIT OF SERVICE

**State of Kansas**  **County of Johnson**  **District Court**

Case Number: 21CV02773

Plaintiff/Petitioner:
SIGNATURE FLOORING, INC.

vs.

Defendant/Respondent:
SHAW INDUSTRIES, INC.

Received by HPS Process Service & Investigations to be served on Shaw Industries, Inc., c/o Corporation Service Company, 2900 Southwest Wanamaker Road, Suite 204, Topeka, KS 66614.

I, KATIE SHIFLETT, being duly sworn, depose and say that on the 25th day of June, 2021 at 9:16 am, I:

Served the within named establishment by delivering a true copy of Summons and Petition to Lauren Musick, Legal Assistant at the address of 2900 Southwest Wanamaker Road, Suite 204, Topeka, KS 66614.

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the 6 day of July, 21 by the affiant who is personally known to me.

NOTARY PUBLIC

Elmer William Wilson
NOTARY PUBLIC--STATE OF KANSAS
MY APPT EXP Dec 8 2021

KATIE SHIFLETT
Process Server

HPS Process Service & Investigations
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2021013025
Ref: Signature Flooring / Shaw Industries
Service Fee: $67.00

*Clerk of the District Court, Johnson County Kansas*
*07/22/21 02:17pm ML*

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

EXHIBIT A